UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSHEATA WILLIAMS * | |
| * | CASE NO.: 2:13-CV-5411 |
| Plaintiff, * | |
| * | SECTION: "I"   DIV. 5 |
| VERSUS * | |
| * | JUDGE LANCE M. AFRICK |
| AMERICAN STRATEGIC INSURANCE CORP * | |
| * | MAG. MICHAEL B. NORTH |
| Defendant * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT OF DANIEL ONOFREY, OPINION TESTIMONY BASED UPON THE SUPPLEMENTAL EXPERT REPORT OF DANIEL ONOFREY AND MOTION TO STRIKE RICK ALLEYNE AS A WITNESS**

MAY IT PLEASE THE COURT:

Defendant, American Strategic Insurance Corporation ("ASI"), prays that this Honorable Court issue an order to strike Plaintiff's Supplemental Expert Report of Daniel Onofrey and preclude any testimony based on the Supplemental Expert Report of Daniel Onofrey. Any opinion testimony by this witness with regard to causation of damages or expansion of his previously filed report would not comply with this Court's October 3, 2013 Scheduling Order[1] or the Court's December 19, 2013 Order extending deadlines upon Plaintiff unopposed motion.[2] Plaintiff's untimely submission of a supplemental expert report on the eve of trial is prejudicial to ASI's defense in this matter. Further, ASI submits that Plaintiff's Supplemental Trial Witness List and Supplemental Trial Exhibit Lists, filed on March 12, 2014, are untimely per this Court's October 3, 2013 Scheduling Order and December 19, 2013 Order. As such, the inclusion of Rick Alleyne, for the first time, as a witness is untimely per this Court's Rule 16 Scheduling Order. To be clear, ASI does seek a continuance in this matter

---

[1] *See*, Doc. No. 13.
[2] See, Doc. Nos. 25 and 23, respectively.

**Daniel Onofrey**

On March 10, 2014, Plaintiff served a Supplemental Expert Report of Daniel Onofrey dated March 9, 2014.  The supplemental report asserts that Mr. Onofrey re-inspected the property on March 8, 2014 and preformed destructive "testing" to "further document" damages to the property.  Said re-inspection resulted in additional opinion as to damages.  Plaintiff never informed ASI that the re-inspection with alleged destructive testing was to take place.  ASI submits that this new report, prepared in response to a re-inspection that took place long after the end of discovery and served on the eve of trial, is due to be stricken as evidence in this matter. Plaintiff's deadline to disclose experts and their opinions was December 13, 2013 per this Court's October 3, 2013 Scheduling Order.  Now, on the eve of the trial of this matter, Plaintiff's report seeks to expand Mr. Onofrey's opinions without leave of Court or consultation with ASI regarding same.  Plaintiff's Supplemental Report is both untimely and prejudicial to ASI's defense in this lawsuit. As such, the Supplemental Expert of Daniel Onofrey is due to be stricken and all testimony base upon Mr. Onofrey's supplemental report should be precluded from the trial of this matter.

**Rick Alleyne**

Per this Court's October 3, 2013 Scheduling Order, Witness and Exhibit Lists were due on Monday, January 13, 2014. The Court extended this deadline to February 13, 2014, on Plaintiff's unopposed motion, by Order dated December 19, 2013.  By this same Order, discovery was to be completed by February 21, 2014.  Plaintiff filed her Witness List and Exhibit Lit on January 13, 2014.  Thereafter, on March 12, 2014, Plaintiff filed a Supplemental Trial Witness List and a Supplemental Trial Exhibit List[3] including for the first time Rick Alleyne of A.R.E. Louisiana, Inc. Plaintiff's March 12, 2014 submission, yesterday, of Mr. Alleyne is the

---

[3] *See*, Doc. Nos. 40 and 41.

-3-

first notice to ASI that Mr. Alleyne might be a witness called in the trial of this matter either for live testimony or by testimony via affidavit. This submission of Mr. Alleyne is clearly untimely, and as such is prejudicial to ASI's defense in this matter. Any testimony by Mr. Alleyne is therefore due to be precluded from the trial of this matter.

## CONCLUSION

**WHEREFORE**, based on the arguments submitted herein, ASI respectfully prays that this Court issue an Order striking Plaintiff's Supplemental Expert Report of Daniel Onofrey as well as any opinion testimony based on Plaintiff's Supplemental Expert Report. ASI further prays that the Court issue an Order striking any testimony by Rick Alleyne for the foregoing reasons.

> Respectfully submitted,
>
> NIELSEN, CARTER & TREAS, LLC
>
> */s/ Joseph J. Aguda, Jr.*
> JOSEPH J. AGUDA, JR., LA S.B. 27762
> WILLIAM T. TREAS, LA S.B. 26537
> 3838 N. Causeway Blvd. Suite 2850
> Metairie, Louisiana 70002
> Tel. (504) 837-2500; Fax (504) 832-9165
> Email: jaguda@nct-law.com
> **Counsel for Defendant:**
> **AMERICAN STRATEGIC INSURANCE CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the foregoing pleading upon the following counsel of record and parties via certified mail return receipt requested and/or via the court's electronic mail system on this 13th day of March, 2014:

    Stephen Kreller
    The Kreller Law Firm
    757 St. Charles Ave., Ste. 301
    New Orleans, LA  70130

    and

    Rikke Dierssen-Morice (admitted PHV)
    Jonothan W. Dettmann (admitted PHV)
    2200 Wells Fargo Center
    90 South Seventh Street
    Minneapolis, MN  55402

*/s/ Joseph J. Aguda, Jr.*
Joseph J. Aguda, Jr.