UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSHEATA WILLIAMS     CIVIL ACTION

VERSUS     No. 13-5411

AMERICAN STRATEGIC INSURANCE CORP.     SECTION I

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant to strike the supplemental expert report of Daniel Onofrey ("Onofrey") and the testimony of Rick Alleyne ("Alleyne"). Plaintiff has filed an opposition.[2] For the following reasons, the motion is **GRANTED**.

## BACKGROUND

The above-captioned matter is an insurance dispute arising out of flood damages caused by Hurricane Isaac.[3] On March 10, 2014, mere days before the final pretrial conference, plaintiff served defendant with a supplemental expert report by Onofrey.[4] The supplemental report was written subsequent to "destructive testing" of the property that occurred on March 8, 2014, and according to plaintiff, "it adds details and provides photographic and video documentation of the damage previously described in Mr. Onofrey's initial report."[5]

On February 13, 2014, counsel for both parties had a conversation regarding destructive testing, which counsel for plaintiff understood to be a request by defendant for such testing to occur.[6] Counsel for defendant disputes this characterization of the conversation. It is undisputed

---

[1] R. Doc. No. 43.
[2] R. Doc. No. 47.
[3] *See* R. Doc. No. 1. Plaintiff previously settled her claims for wind damage. *See* R. Doc. No. 37.
[4] R. Doc. No. 43-1, at 2.
[5] R. Doc. No. 47, at 2-3.
[6] *See* R. Doc. No. 47-2.

that plaintiff did not contact defendant prior to performing the testing and that defendant did not participate in the testing process.[7]

Plaintiff admits that she "did not name Mr. Alleyne as a witness in her initial disclosures pursuant to Federal Rule of Civil Procedure 26,"[8] and plaintiff did not list Alleyne as a potential witness when she filed her witness list on January 13, 2014.[9] On March 12, 2014, two days before the final pretrial conference, plaintiff filed into the record a supplemental witness list[10] and a supplemental exhibit list.[11] Defendant states that this was the "first notice . . . that Mr. Alleyne might be a witness called in the trial of this matter either for live testimony or by testimony via affidavit."[12]

Defendant seeks to strike Onofrey's supplemental report and Alleyne's testimony because the untimely disclosures constitute violations of the Court's scheduling order and are prejudicial to defendant.[13]

## STANDARD OF LAW

When determining whether to exclude witnesses and exhibits as a sanction for a violation of a Rule 16 scheduling order,[14] the United States Court of Appeals for the Fifth Circuit looks to the same factors as those described with respect to Rule 37 of the Federal Rules of Civil

---

[7] *See* R. Doc. No. 47-2.
[8] R. Doc. No. 47, at 3.
[9] R. Doc. No. 30. The scheduling order's original deadline for witness lists was January 13, 2014, R. Doc. No. 13, at 3, but it was extended by the Court to February 13, 2014, R. Doc. Nos. 23, 25. Neither party took advantage of the extension. *See* R. Doc. Nos. 26, 30.
[10] R. Doc. No. 40.
[11] R. Doc. No. 41.
[12] R. Doc. No. 43-1, at 3.
[13] R. Doc. No. 43, at 1.
[14] Rule 16(b)(3) describes the contents of a scheduling order, and Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16(f) enables the Court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1).

Procedure to determine whether the district court properly exercised its discretion.[15] *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

In order to determine whether to exclude such information, the Court must consider: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell W. E & P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010); *see also CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). Such a determination is within the Court's wide discretion. *Bennett v. GEO Grp., Inc.*, No. 12-60017, 2013 WL 5916765, at *4 (5th Cir. May 22, 2013) (per curiam) (citing *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 397 (5th Cir. 2000)).

## DISCUSSION

### A.   Onofrey's Supplemental Report

Rule 26(e)(2) provides that, with respect to expert reports, "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Such pretrial disclosures are due "at least 30 days before trial . . . [u]nless the court orders otherwise." Fed. R. Civ. P. 26(a)(3)(B).

Trial in this matter is scheduled to begin on April 7, 2014, but Onofrey's supplemental expert report is dated March 9, 2014,[16] and it was not served on defendant until March 10,

---

[15] Rule 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." (emphasis added). The Court may impose an appropriate sanction for such a violation, including "prohibiting the disobedient party from . . . introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii); *see also* Fed. R. Civ. P. 37(c)(1)(C).

[16] R. Doc. No. 54-1, at 1.

3

2014.[17] The report was prepared and served after Rule 26(a)(3)(B)'s deadline and, more importantly, Onofrey's supplemental report was submitted well after the scheduling order's January 10, 2014 deadline for the submission of plaintiff's expert reports.[18] Accordingly, Onofrey's supplemental report is untimely.

Plaintiff's principal argument with respect to Onofrey's supplemental report is that such "report does not expand the scope of the previous report. Instead, the supplemental report provides additional documentation to support the opinions contained in the January 8, 2014 expert report."[19] Plaintiff cites *Marathon Petroleum Co. v. Midwest Marine, Inc.*, 906 F. Supp. 2d 673 (E.D. Mich. 2012),[20] and *Untied States v. Black Hills Power, Inc.*, No. 03-5020, 2006 WL 6908315 (D.S.D. June 12, 2006),[21] for the proposition that a supplemental expert report should not be excluded where it does not expand the scope of the original report.[22] In both cases, however, the supplemental report was a mere recalculation of an expert's mathematical formulas based on new or revised data. *Marathon*, 906 F. Supp. 2d at 693-94 (finding that a late-filed supplemental expert report is harmless because the expert recalculated costs based on later-known information); *Black Hills*, 2006 WL 6908315, at *9-10 (admitting a supplemental report that was filed to correct errors in certain equations based on additional, later-obtained data, which was in part obtained from opposing counsel's experts).

Onofrey's supplemental report is the result of new testing conducted a month before trial, and its contents consist almost entirely of "Opinions and Conclusions" that are nowhere to be

---

[17] R. Doc. No. 43-1, at 2.
[18] The deadline was originally December 13, 2013, but it was extended to January 10, 2014 when the Court granted an unopposed motion to alter several deadlines. *See* R. Doc. Nos. 23, 25.
[19] R. Doc. No. 47, at 4.
[20] R. Doc. No. 47, at 5.
[21] R. Doc. No. 47, at 4.
[22] R. Doc. No. 47, at 4.

4

found in the original report.[23] The supplemental report also provides a substantially higher level of detail.[24] For example, the original report is primarily a line-item calculation of the cost of repair of the house[25] based on inspections that occurred within weeks of the damage.[26] The supplemental report, on the other hand, involved opening a partially repaired wall to remove samples,[27] and it provides detailed evidence and conclusions, including specific opinions regarding damage and the properties of certain building materials.[28]

Supplemental "disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). The Fifth Circuit has held that where opinions in a supplemental expert report go "beyond 'proving up' the opinions contained in [the original] report" and were not included in the original report, a district court does not abuse its discretion in excluding the supplemental material. *Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012). Notwithstanding plaintiff's characterization to the contrary, Onofrey's supplemental report goes well beyond merely "proving up" his original report, and it is distinguishable from the truly supplemental material at issue in *Marathon* and *Black Hills*. Moreover, neither *Marathon* nor *Black Hills* stand for the proposition that a party may ignore expert report deadlines so long as a late-filed report is merely "supplemental." Accordingly, Onofrey's supplemental report will be excluded "unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1).

---

[23] R. Doc. No. 54-1, at 1-2; *cf.* R. Doc. No. 54, at 2-3. The reports were not originally attached to either defendant's motion or plaintiff's opposition. Defendant filed Onofrey's reports into the record at the request of the Court.
[24] R. Doc. No. 54-1, at 1-2.
[25] R. Doc. No. 54, at 10-39.
[26] R. Doc. No. 54, at 1.
[27] R. Doc. No. 54-1, at 1.
[28] R. Doc. No. 54-1, at 1-2.

Plaintiff argues that the delay was substantially justified "because [defendant] specifically requested [plaintiff] to perform the destructive testing."[29] However, counsel for plaintiff did not confirm the plans for destructive testing with defendant, never invited defendant to participate, never moved for leave to supplement Onofrey's report, and waited nearly a month after the February 13, 2014 conversation with defendant's counsel before conducting the testing.[30] The present dispute regarding Onofrey's supplemental report is solely one of plaintiff's counsel's own making, and no substantial justification has been provided. *See Red Dot Bldgs. v. Jacobs Tech., Inc.*, No. 11-1142, 2012 WL 2061904, at *3-4 (E.D. La. June 7, 2012) (Barbier, J.) (collecting cases and finding that a party's failure to facilitate additional testing by an expert "clearly does not justify the untimeliness of the disclosure"); *Broussard v. Go-Devil Mfg. Co. of La.*, No. 08-124, 2014 WL 254525, at *5 (M.D. La. Jan. 23, 2014) (Jackson, C.J.) (refusing to admit an untimely report that was submitted "without having sought or obtained leave from the Court").

Plaintiff further argues that the delay was harmless because defendant "was fully apprised of the contents of the supplemental report" and defendant was subsequently invited to perform its own destructive testing prior to trial.[31] The Court considers the four factors set forth in *Bailey* to determine whether the delay was harmless.

First, with respect to the importance of the supplemental report, plaintiff states that it "adds details and provides photographic and video documentation."[32] This is far removed from a situation where exclusion of the report would be "tantamount to dismissal of [a] claim," thereby making this factor an overriding consideration. *See EEOC v. Gen. Dynamics Corp.*, 999 F.2d

---

[29] R. Doc. No. 47, at 5.
[30] *See* R. Doc. No. 47, at 2-3.
[31] R. Doc. No. 47, at 5.
[32] R. Doc. No. 47, at 2.

113, 117 (5th Cir. 1993). Any importance that the supplemental report does have "cannot singularly override the enforcement of local rules and scheduling orders," *Geiserman*, 893 F.2d at 792, especially in light of the failure to "compl[y] with the court's deadlines or at least inform[] the trial judge in advance if good faith compliance was not possible," *Barrett*, 95 F.3d at 381. Accordingly, this factor does not weight in favor of admission. *See Broussard*, 2014 WL 254525, at *6.

Second, the Court has little difficulty finding that defendant is prejudiced by the introduction of additional evidence in support of Onofrey's testimony at the eleventh hour. "The purpose of requiring disclosure of expert reports is to notify opposing parties of the scope and content of the expert's proposed testimony." *Red Dot*, 2012 WL 2061904, at *4. Courts have found that prejudice occurs when additional reports are filed after the deadlines for such disclosures have passed. *See id.*; *Cutler v. Louisville Ladder, Inc.*, No. 10-4684, 2012 WL 2994271, at *6 (S.D. Tex. July 20, 2012) (Atlas, J.) ("Defendants disclosed substantial new testing by [the expert], his new reasoning, and new conclusions on the last day of the discovery period, thereby depriving Plaintiffs of the opportunity to address these matters in the ordinary course."). Even if the destructive testing was done at defendant's suggestion, defendant had no notice that such testing was actually going to occur and no opportunity to address the additional evidence. Plaintiff has provided no basis for asserting that defendants "position in this litigation has sustained no harm."[33] Accordingly, this factor weighs in favor of exclusion.

Third, only a continuance of the trial could cure any prejudice, as all other deadlines have passed and counsel are making their final trial preparations. Although defendant has not

---

[33] R. Doc. No. 47, at 6.

requested a continuance,[34] "[a] continuance on these facts would reward [plaintiff's] dilatory behavior, or possibly gamesmanship, and is not warranted." *Cutler*, 2012 WL 2994271, at *6. "[T]o grant a continuance would effectively countenance [plaintiff's] failure to comply with the scheduling order deadlines [or consult with opposing counsel], which is behavior this Court is not eager to encourage." *Red Dot*, 2012 WL 2061904, at *4. Where other factors "militate against permitting the testimony, the trial court [is] not obligated to continue the trial. Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883-84 (5th Cir. 2004). Accordingly, this factor weighs in favor of exclusion.

Fourth, plaintiff's explanation for the delay is that a conversation between counsel was misinterpreted. However, nearly one month passed between the conversation regarding the testing and the date on which it actually occurred, and at no time during that period did plaintiff ever advise defendant that such testing was going to take place or invite defendant to participate. As discussed above, the problem is entirely one of plaintiff's counsel's own making, and no substantial justification has been shown. Accordingly, this factor also weighs in favor of exclusion.

Having weighed the relevant factors, the Court finds that it is proper to strike Onofrey's supplemental report and any evidence obtained pursuant to the March 8, 2014 destructive testing.

B. **Alleyne's Testimony**

As discussed above, Rule 26(a)(3)(B) requires that all pretrial disclosures be made at least 30 days before trial. Alleyne was first identified as a witness on March 12, 2014, less than

---

[34] Defendant's memorandum in support of its motion to strike states, "To be clear, ASI does seek a continuance in this matter[.]" R. Doc. No. 43-1, at 1. Counsel for defendant advised the Court via telephone on March 25, 2014, that this was an error, and counsel for both parties confirmed that neither plaintiff nor defendant is requesting a continuance of the trial date.

8

30 days before the April 7, 2014 trial date.[35] Plaintiff contends that the exchange of information during discovery satisfied her Rule 26(e) duty to supplement her discovery responses because Alleyne's "identity and testimony had 'been made known'" to defendant.[36] According to plaintiff, defendant should not be surprised that Alleyne is a trial witness because plaintiff produced receipts for repairs done by Alleyne and because defendant served Alleyne with a subpoena to produce documents and "spoke directly with Mr. Alleyne about the content of his proposed testimony."[37] Plaintiff asserts that any "improper disclosure" of Alleyne as a witness should not result in the exclusion of his testimony because it is important to her case and because defendant will not be prejudiced, having been previously advised of his identity and the content of his testimony.[38]

The Court first notes that plaintiff has not offered any evidence to demonstrate precisely when or how defendant was made aware that Alleyne would be called to testify.[39] The scheduling order states, "The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown."[40] Even if plaintiff's Rule 26(e) duty to supplement was satisfied (a finding which this Court does not

---

[35] R. Doc. No. 43-1, at 2.
[36] R. Doc. No. 47, at 6. Rule 26(e)(1) requires a party to "supplement or correct its [discovery] disclosure[s] or response[s]: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." Fed. R. Civ. P. 26(e)(1).
[37] R. Doc. No. 47, at 6.
[38] R. Doc. No. 47, at 7.
[39] *See* R. Doc. No. 47, at 6.
[40] R. Doc. No. 13, at 3.

make), plaintiff still violated this Court's Rule 16 scheduling order by failing to timely list Alleyne as a potential witness.[41]

There is a significant difference between someone who is designated as a will call witness and someone who merely has discoverable information. Because plaintiff has not offered any justification for failing to timely designate Alleyne as a witness, plaintiff has not shown "good cause" for failure to comply with the scheduling order, and Alleyne is not permitted to testify.

A consideration of the four factors as set forth in *Bailey* illustrates the lack of good cause. First, although the Court does not doubt plaintiff's assertion that Alleyne's testimony would be important to her case, plaintiff has not suggested that refusing his testimony would be "tantamount to dismissal of [a] claim," so this factor does not have overriding importance under these circumstances. *See Gen. Dynamics Corp.*, 999 F.2d at 117. Second, defendant has not deposed Alleyne,[42] and the disclosure of a new witness less than a month before trial carries obvious hardships. *See Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989). Third, as discussed above, neither party has requested a continuance of the trial date, and it is within the Court's discretion to refuse to continue trial merely to alleviate the prejudice caused by a discovery violation. *See Hamburger*, 361 F.3d at 883-84. Fourth, plaintiff has offered no explanation for her failure to include Alleyne as a witness on the January 13, 2014 witness list.

Considering the above-mentioned factors, especially the plaintiff's failure to provide any justification (much less show good cause) for failing to designating Alleyne as a witness in a timely manner, the Court finds that prohibiting plaintiff from calling Alleyne as a witness is an appropriate sanction.

---

[41] R. Doc. No. 13, at 3.
[42] The Court was so advised at the March 14, 2014 pretrial conference.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED**. Plaintiff will not be permitted to introduce Onofrey's supplemental report or any evidence obtained during the March 8, 2014 destructive testing, and plaintiff will not be permitted to call Alleyne as a witness.

New Orleans, Louisiana, March 25, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**