UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSHEATA WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-5411** |
| **AMERICAN STRATEGIC INSURANCE CORP.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant for partial summary judgment. Plaintiff filed an opposition,[2] to which defendant filed a reply.[3] For the following reasons, the motion is **GRANTED**.

## BACKGROUND

The above-captioned matter is an insurance dispute arising out of flood damages caused by Hurricane Isaac.[4] At the time of Hurricane Isaac, plaintiff carried insurance coverage with a policy limit of $210,000 for damages to the building, itself, and a policy limit of $100,000 for damages to its contents.[5] Plaintiff claims that she is entitled to additional funds under both policies.[6] Defendant has moved for summary judgment with respect to plaintiff's contents claims based on her failure to submit an adequate proof of loss ("POL")[7] required by the Standard Flood Insurance Policy ("SFIP"), as codified at 44 C.F.R. pt. 61, app. A(1).[8]

---

[1] R. Doc. No. 49.
[2] R. Doc. No. 55.
[3] R. Doc. No. 58.
[4] *See* R. Doc. No. 16. Plaintiff previously settled her claims for wind damage. *See* R. Doc. No. 37.
[5] R. Doc. No. 49-2, at 1.
[6] R. Doc. No. 16.
[7] The Court notes that there is no dispute regarding the timing of any of plaintiff's submissions, since FEMA extended the deadlines for Hurricane Isaac-related claims. R. Doc. No. 49-1, at 5.
[8] R. Doc. No. 49.

**STANDARD OF LAW**

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

**DISCUSSION**

Article 7, paragraph (J)(4) of the SFIP provides that an insured must submit "a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you." 44 C.F.R. pt. 61 app. A(1), art. 7, ¶ (J)(4). "As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, . . . an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). The U.S. Court of Appeals for the Fifth Circuit has characterized a sworn POL as a "'condition precedent' to any suit against an insurer under a SFIP." *Darouiche v. Fid. Nat'l Ins. Co.*, 415 F. App'x 548, 554 n.11 (5th Cir. 2011) (quoting *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008)). Defendant argues that the documents it received from plaintiff do not constitute a proper POL for her contents claim.[9]

On October 26, 2012, plaintiff submitted a signed POL form (the "first POL") on which she had typed "Building Proof Only" in unused space at the top of the page.[10] The accompanying cover letter stated that the POL was "for the building portion of the above referenced claim."[11] The POL form has blank spaces for nine different values,[12] but plaintiff's POL lists only two typewritten values: $210,000.00 (the policy limit) in the blank corresponding to "FULL

---

[9] R. Doc. No. 49, at 7-9.
[10] R. Doc. No. 49-3, at 2.
[11] R. Doc. No. 49-3, at 1.
[12] As printed, the nine values that can be listed on the form are: "1. FULL AMOUNT OF INSURANCE application to the property for which claim is presented is," "2. ACTUAL CASH VALUE of building structures," "3. ADD ACTUAL CASH VALUE OF CONTENTS of personal property insured," "4. ACTUAL CASH VALUE OF ALL PROPERTY," "5. FULL COST OF REPAIR OR REPLACEMENT (Building and Contents)," "6. LESS APPLICABLE DEPRECIATION," "7. ACTUAL CASH VALUE LOSS is," "8. LESS DEDUCTIBLES," and "9. NET AMOUNT CLAIMED under above numbered policy is." R. Doc. No. 49-3, at 2.

AMOUNT OF INSURANCE application to the property for which claim is presented is," and $1,000.00 in the blank corresponding to "LESS DEDUCTIBLES."[13] The blank corresponding to "ADD ACTUAL CASH VALUE OF CONTENTS of personal property insured" contains a typewritten "N/A," and all other values have "undetermined" typed into their corresponding blanks, including the category entitled "FULL COST OF REPAIR OR REPLACEMENT (Building and Contents)."[14] The POL also states, "Any other information that may be required will be furnished and considered a part of this proof."[15]

On December 3, 2012, plaintiff submitted another signed POL form (the "second POL") that also had "Building Proof Only" typed in unused space at the top of the page.[16] The accompanying cover letter also stated that the POL was "for the building portion of the above referenced claim."[17] The second POL provides the same values for the policy limit and the deductible, but it also lists three additional typewritten values: $251,997.16 in the blank corresponding to "FULL COST OF REPAIR OR REPLACEMENT (Building and Contents)," $210,000.00 in the blank corresponding to "ACTUAL CASH VALUE LOSS is," and $209,000.000 in the blank corresponding to "NET AMOUNT CLAIMED under above numbered policy is."[18] In the blank corresponding to "ADD ACTUAL CASH VALUE OF CONTENTS of personal property insured," plaintiff again typed "N/A," and the remaining values have "undetermined" typed into their corresponding blanks.[19]

---

[13] R. Doc. No. 49-3, at 2.
[14] R. Doc. No. 49-3, at 2.
[15] R. Doc. No. 49-3, at 2.
[16] R. Doc. No. 49-4, at 2.
[17] R. Doc. No. 49-4, at 1.
[18] R. Doc. No. 49-4, at 2.
[19] R. Doc. No. 49-4, at 2.

On December 18, 2012, Dan Onofrey ("Onofrey"), plaintiff's independent adjuster, submitted a detailed line-item estimate.[20] The accompanying cover letter described the document as "our estimate of damages to the structure for the above captioned loss."[21] The estimate was not signed or sworn to by plaintiff.

The Court finds that neither the first POL, the second POL, nor Onofrey's report are legally sufficient to support plaintiff's contents claim. The nine blanks and the corresponding values required by the POL form make clear that it can be used as a POL for both building and contents claims.[22] Plaintiff, however, decided to type "Building Proof Only" in unused space at the top of the page of both POLs, clearly indicating her intent that they were solely in reference to her building claim.[23] On both POLs, in the blanks corresponding to "ADD ACTUAL CASH VALUE OF CONTENTS of personal property insured," plaintiff typed "N/A," indicating that the value of her insured contents is not applicable to this building-only POL.[24] In all other blanks on both POLs she typed "undetermined," implying that these values were applicable but unknown.[25] Furthermore, the cover letters accompanying both POLs and Onofrey's estimate clearly indicate that the attached documents are regarding damages to the building only.[26] Under these circumstances, it would be unreasonable to infer that plaintiff intended any of these documents to constitute a POL for her contents claim.

Plaintiff's opposition does not address the fact that "Building Proof Only" was typed at the top of each POL or that each cover letter references only damage to the building itself.

---

[20] R. Doc. No. 49-5, at 2-21.
[21] R. Doc. No. 49-5, at 1.
[22] *See* R. Doc. No. 49-3, at 2; R. Doc. No. 49-4, at 2.
[23] R. Doc. No. 49-3, at 2; R. Doc. No. 49-4, at 2.
[24] *See* R. Doc. No. 49-3, at 2; R. Doc. No. 49-4, at 2.
[25] *See* R. Doc. No. 49-3, at 2; R. Doc. No. 49-4, at 2.
[26] R. Doc. No. 49-3, at 1; R. Doc. No. 49-4, at 1; R. Doc. No. 49-5, at 1.

Plaintiff instead argues that she "had already provided a detailed contents list that included the value, age, [and] quantity of each damaged item," and that she "put 'undetermined' as the value,[27] with the understanding [that defendant] had the detailed contents list previously provided."[28]

The preparation of "an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss" is a separate requirement, and that document must be submitted as part of a complete POL. *See* 44 C.F.R. pt. 61, app. A(1), art. 7, ¶¶ J(3), J(4)(i). The list created by plaintiff is not signed or sworn to by plaintiff and, therefore, it could not stand alone as a POL for plaintiff's contents claim, even if it met all other requirements.[29] *See id.* ¶ J(3); *Darouiche*, 415 F. App'x at 554 n.11. The contents list was completed shortly after the

---

[27] Plaintiff states in her opposition that she "submitted a signed, sworn proof of loss totaling the damages of the building and with 'undetermined' under personal property." R. Doc. No. 55, at 4. In the first and second POLs, plaintiff did type "undetermined" in the blanks corresponding to "ACTUAL CASH VALUE OF ALL PROPERTY." R. Doc. No. 49-3, at 2; R. Doc. No. 49-4, at 2. In the first POL, plaintiff also typed "undetermined" in the blank corresponding to "FULL COST OF REPAIR OR REPLACEMENT (Building and Contents)." R. Doc. No. 49-3, at 2. In the second POL, plaintiff typed $251,997.16 in the same blank corresponding to "FULL COST OF REPAIR OR REPLACEMENT (Building and Contents)." R. Doc. No. 49-4, at 2. This value corresponds to the "Net Claim" that Onofrey calculated in his estimate, which was submitted about two weeks after the second POL. R. Doc. No. 49-5, at 19.

Notwithstanding the foregoing, the Court notes that plaintiff typed "N/A" on both POLs in the only blank that was designated solely for contents. R. Doc. No. 49-3, at 2; R. Doc. No. 49-4, at 2. To the extent that plaintiff wrote "undetermined" in the blanks corresponding to "ACTUAL CASH VALUE OF ALL PROPERTY" and "FULL COST OF REPAIR OR REPLACEMENT (Building and Contents)," such language does not comply with the SFIP's requirement that the POL constitutes the insured's "statement of the amount you are claiming under the policy." 44 C.F.R. pt. 61, app. A(1), art. 7, ¶ J(3); *see Jacobsen v. Metro. Prop. & Cas. Ins. Co.*, 672 F.3d 171, 173, 175-76, 178 (2d Cir. 2012); *Exim Mortgage Banking Corp. v. Witt*, 16 F. Supp. 2d 174, 177 (D. Conn. 1998); *see also Wright*, 415 F.3d at 386; *but see Copeland v. FEMA*, No. 03-2704, 2004 WL 325577, at *3 (E.D. La. Feb. 18, 2004).

[28] R. Doc. No. 55, at 4.

[29] *See* R. Doc. No. 55-1.

initial inspection by defendant's adjuster, Anthony Pegg ("Pegg"),[30] and it was attached to Pegg's October 29, 2012 report,[31] but it was not attached to either of the POLs that were sent to defendant. Accordingly, plaintiff has provided no evidence that she ever submitted a POL with respect to her contents claim—the evidence before the Court shows that her submissions were "Building Proof[s] Only."[32]

Plaintiff describes defendant's arguments as "hyper-technical" and distinguishes those cases where claims were rejected because a proper POL was never filed.[33] *E.g.*, *Marseilles*, 542 F.3d 1053; *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005); *Gowland*, 143 F.3d 951; *Morin v. Am. Bankers Ins. Co. of Fla.*, No. 13-5972, 2014 WL 949424 (E.D. La. Mar. 10, 2014); *Hartenstein v. State Farm Fire & Cas. Ins. Co.*, No. 07-4594, 2008 WL 2397714 (E.D. La. June 11, 2008). However, as stated previously, the record shows that she filed "Building Proof[s] Only,"[34] and there is no evidence of any other POL regarding contents. Accordingly, such failure-to-file cases are materially indistinguishable.

Plaintiff draws significance from the fact that defendant "never denied [her] claim based on the proof of loss requirement, but rather refused to re-evaluate her contents list."[35] The SFIP gives the insurer the right to "accept the adjuster's report of the loss instead of your proof of loss." 44 C.F.R. pt. 61, app. A(1), art. 7, ¶ J(9). Defendant apparently did so when it paid the full amount recommended by Pegg's report with respect to plaintiff's contents claim.[36] However, the

---

[30] R. Doc. No. 55-1, ¶ 8. Although the contents list is not dated, counsel advised the Court via telephone on March 25, 2014, that all parties agree that the list was completed by plaintiff shortly after the loss and prior to Pegg's October 29, 2012 report.
[31] R. Doc. No. 62.
[32] R. Doc. No. 49-3, at 2; R. Doc. No. 49-4, at 2.
[33] R. Doc. No. 55, at 12.
[34] R. Doc. No. 49-3, at 2; R. Doc. No. 49-4, at 2.
[35] R. Doc. No. 55, at 11.
[36] *See* R. Doc. No. 49-9, ¶ 12; R. Doc. No. 55-3, ¶ 12; R. Doc. No. 62, at 1.

mere fact that defendant paid a certain amount for plaintiff's contents claim on the basis of Pegg's report did not absolve plaintiff of the POL requirements. *See Kidd v. State Farm Fire & Cas. Co.*, 392 F. App'x 241, 244 (5th Cir. 2010) ("The adjuster's report substituted for a sworn proof of loss only to the extent of the damages assessed in the report. If the Kidds disagreed with the adjuster's calculation, they were required to submit a sworn proof of loss demonstrating that the additional damages claimed were covered by the policy.").

Plaintiff contends that a POL is "adequate if the record before the insurer gives sufficient information to enable it to meaningfully evaluate the claim,"[37] and that the POL "does not consist of a single form, but constitutes the entire record before the insurer—all forms, estimates, and other documentation that [defendant] can use to evaluate the claim."[38] Plaintiff cites a number of cases from this Court in support of this approach. *E.g.*, *Downey v. FEMA*, No. 13-5744, 2014 WL 248126 (E.D. La. Jan. 22, 2014); *Phillips v. FEMA*, No 13-5291, 2014 WL 273144 (E.D. La. Jan. 24, 2014); *Reichert v. Fidelity Nat'l Prop.*, No. 06-5448, 2007 WL 763706 (E.D. La. Mar. 8, 2007); *Copeland*, 2004 WL 325577. However, because the Court finds that plaintiff never submitted *any* POL regarding her contents claim, and that plaintiff took care to specify that any submission was a "Building Proof Only," these cases are distinguishable.

---

[37] R. Doc. No. 55, at 6.
[38] R. Doc. No. 55, at 8.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED**. All of plaintiff's claims related to the insurance she carried on the contents of her home are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March 26, 2014.

                                          **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**